[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 1, 1991, the plaintiff owned property located on west Ridge — Rolling Ridge in West Haven. This property was improved with a nine building, 180 unit apartment complex known as Rolling Ridge Apartments. The complex was built in 1968 and acquired by the plaintiff on September 1982 from the owner for $5,027,045.
On October 1, 1991, the assessor of West Haven assessed the property for $5,753,860, with a value of $707,700 for the land and $5,046,160 for the buildings.
Later, the assessor adjusted the total value of the property to $4,804,660. Thereafter, on appeal to the Board of Tax Review, the assessed valuation of the buildings was adjusted from $4,046,960 to $3,780,560, making the total assessed valuation of the land and buildings to be $4,488,260.
The plaintiff then appealed to this court claiming that said latter figure was not the true and actual value of the property and, subsequently, amendments to the complaint were filed to include later assessment years.
The court heard the matter on December 19, 20 and 21, 1994 and viewed the property.
The plaintiff, through its expert witness, offered evidence that the property in question had a fair market value as of October 1, 1991 of $3,713,000 (Ex. J, p. 43).
The defendant, through its expert witness, offered evidence that the property in question had a fair market value as of October CT Page 7157 1991 of $6,360,000 (Ex. 10, p. 65).
The plaintiff used the following method to reach the above figure of $3,713,000. It started with a figure of $1,408,452 gross income (Ex. J, p. 42) which resulted in $563,675 net income (Ex. J, p. 37). It applied to this figure a base capitalization rate of 12.14% plus an effective tax rate of 3.04% (Ex. J, p. 47), making a total capitalization rate of 15.18%. Thus, dividing $563,675 by the 15.18% gives the figure of $3,713,000, which the plaintiff claims is the value of the property in question by the income approach (Ex. J, p. 42).
The defendant used the following method to reach the above figure of $6,357,187. It started with a figure of $1,408,320 gross rental income (Ex. 10, p. 62) to reach a net income of $797,827. It applied to this figure a capitalization rate of 12 1/2% made up of an overall capitalization rate of .097% plus an effective tax rate of .030%, making an adjusted capitalization rate of 12.55%. Then dividing $797,827 by the 12.55% equals the $6,375,187, rounded out to $6,360,000 which the defendant claims the property in question is worth.
The court notes that the plaintiff's net income used in the above computation is $563,675 while the defendant's net income is $797,827 and the plaintiff's capitalization rate is 15.18%, while the defendant's capitalization rate is 12.5%.
The court cannot rule that the plaintiff's figures and its computations are wrong nor can it say that the defendant's figures and its computations are wrong.
To solve this seeming impasse, the court adjusts these figures used by both parties as follows: $6,360,000 minus $3,713,000 = $2,647,000, which divided by 2 = $1,323,500. Adding that latter figure to the plaintiff's figure of $3,713,000 equals $5,036,500. Subtracting that figure of $1,322,500 from the defendant's figure of $6,357,187 equals $5,036,500.
The court therefore finds that the fair market value of the property in question is $5,036,500 as of October 1, 1991 and all subsequent October 1 in the following tax years involved in this action.
Thus, taking 70% of that figure for tax purposes, the court finds that the value of the property in question for tax purposes CT Page 7158 on October 1, 1991 for the years after October 1, 1991 within the scope of the case is $3,525,550.
Thomas J. O'Sullivan Trial Referee